**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TANYA L. WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 14-CV-8037 |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF |
| | ) | CIVIL RIGHTS AND STATE |
| ILLINOIS CENTRAL SCHOOL BUS, LLC, | ) | SUPPLEMENTAL CLAIMS |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY DEMANDED** |

**JURISDICTION AND VENUE**

1. This is an action pursuant to the United States Constitution and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., as amended. This court has jurisdiction under and by virtue of 28 U.S.C §§ 1331 and 1343.

2. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

3. Plaintiff, Tanya L. Watkins (hereinafter "Watkins"), has fully complied with the procedural requirements of Title VII. She filed a charge for discrimination with the EEOC on or about June 8, 2012, which was amended on or about November 19, 2012, received a right-to-sue letter from the EEOC and brought this lawsuit within the applicable time period.

**PARTIES**

4. At all times herein mentioned, Plaintiff was employed by the Defendant Illinois Central School Bus, LLC.

5. At all times herein mentioned, Defendant was and is believed and alleged hereon to be a limited liability company duly organized, existing, and operating within the jurisdiction

of this Court. Illinois Central School Bus is also an employer subject to suit under Title VII in that Defendant is in an industry affecting commerce and had 15 or more employees in each of 20 or more weeks in the current or preceding calendar year.

## FACTUAL ALLEGATIONS

6. Defendant is in the business of driving school buses for school districts throughout Illinois.

7. Plaintiff is a female.

8. Plaintiff began employment with Defendant in or about October 2010.

9. At all relevant times described herein, Plaintiff was employed in the position of Dispatcher.

10. At all material times, Plaintiff performed her job according to her employer's legitimate expectations.

11. Throughout her employment with Defendant, Plaintiff was subjected to sexual harassment by her supervisor and a sexually hostile work environment. Plaintiff found such conduct to be offensive, unwelcome, and unwarranted. Such conduct created a hostile work environment, which interfered with Plaintiff's ability to perform her job.

12. Plaintiff asked her supervisor to cease said conduct, reported the conduct internally to management and human resources, and filed a charge of discrimination with the EEOC on or about June 8, 2012 complaining of sexual harassment and retaliation.

13. Plaintiff's supervisor failed to stop sexually harassing Plaintiff and failed to stop the offensive, unwelcome, and unwarranted conduct that resulted in a sexually hostile work environment.

14. Defendant was aware of Plaintiff's supervisor's conduct and failed to take reasonable steps to prevent or correct the sexual harassment and sexually hostile work environment.

15. Following Plaintiff's complaints to her supervisor, internal complaints, and charge of discrimination with the EEOC, Defendant retaliated against Plaintiff, including, but not limited to, providing a poor evaluation and disciplining Plaintiff, and eventually terminating Plaintiff on or about October 17, 2012.

16. Defendant's reasons for Plaintiff's discipline and subsequent termination are false and merely pretext for illegal discrimination.

17. Plaintiff was discriminated against because of her sex, female, was sexually harassed, was subjected to a hostile work environment, and was retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

18. As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to proven at the time of trial. Plaintiff claims such damages together with prejudgment interest as permitted by law.

19. The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to Plaintiff. Thus, Plaintiff requests the assessment of punitive damages and/or liquidated damages against the defendant in a sum as determined according to law and proof.

## COUNT I
## PLAINTIFF AGAINST DEFENDANT FOR
## DISCRIMINATION ON THE BASIS OF PLAINTIFF'S SEX
## IN VIOLATION OF TITLE VII – DISPARATE TREATMENT

20. Plaintiff realleges and incorporates paragraphs one (1) through nineteen (19) as though fully set forth at this place.

21. Plaintiff is female.

22. Plaintiff was qualified for the job she held with Defendant and performed all job functions to Defendant's legitimate employment expectations.

23. Despite Plaintiff's qualifications and job performance, she was discriminated against by Defendant because she is female.

24. Defendant's discrimination against Plaintiff was intentional.

25. Defendant discriminated against Plaintiff in the terms and conditions of employment in that she was terminated.

26. Similarly situated non-female employees were not subjected to the same terms and conditions of employment as was Plaintiff.

27. Defendant's reason for plaintiff's termination is false and merely pretext for illegal discrimination.

28. Defendant's actions, as described above, are in violation of Title VII in that Defendant acted to discriminate against Plaintiff in the terms and conditions of her employment because of her sex.

29. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## COUNT II
## PLAINTIFF AGAINST DEFENDANT FOR
## SEXUAL HARASSMENT & HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF TITLE VII

30. Plaintiff realleges and incorporates paragraphs one (1) through nineteen (19) as though fully set forth at this place.

31. During the course of her employment with Defendant, Plaintiff was repeatedly subjected to sexual harassment and/or a sexually hostile working environment by her supervisor, Cindy Sosnowski, in that Plaintiff was subjected to multiple instances of sexual touching and sexually explicit comments.

32. Cindy Sosnowski was a supervisor; therefore Defendant is liable for her conduct, as described above.

33. Defendant also knew of Cindy Sosnowski's conduct, as described above, and/or did not take reasonable steps to prevent and/or correct such conduct.

34. Plaintiff found the foregoing acts to be offensive, unwelcome, and unwanted.

35. The foregoing acts were in fact offensive, unwelcome, unwanted, and unwarranted.

36. The foregoing sexual harassment unreasonably interfered with Plaintiff's work performance and/or created an intimidating, hostile, and/or offensive working environment.

37. Defendant violated Plaintiff's rights in that Defendant required Plaintiff to work in a known sexually hostile working environment and thereby failed to provide employment conditions and relationships where Plaintiff could work safely and be free from sexual harassment.

38. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of

discrimination, sexual harassment, and a hostile work environment, the invasion of a right to be free from discrimination and humiliation, which has manifested in physical and emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**COUNT III**
**PLAINTIFF AGAINST DEFENDANT FOR**
**RETALIATION IN VIOLATION OF TITLE VII**

39. Plaintiff realleges and incorporates paragraphs one (1) through nineteen (19) as though fully set forth at this place.

40. Plaintiff met her employer's legitimate employment expectations.

41. Plaintiff engaged in protected activity when she asked her supervise to stop sexually harassing her, reported the conduct to management and human resources in or about May 2012, and thereafter filed a charge of discrimination with the EEOC on or about June 8, 2012.

42. After engaging in said protected activity, Defendant engaged in many acts of retaliation, which included, providing a poor evaluation and disciplining Plaintiff, terminating Plaintiff on or about October 17, 2012 although she was performing to her employer's legitimate expectations and could continue to perform her job, and otherwise harassing Plaintiff in various ways designed to impede her ability to work for Defendant.

43. There is a causal connection between Plaintiff's protected activity and Defendant's retaliatory actions.

44. Similarly situated employees who did not engage in protected activity were treated more favorably than Plaintiff.

6

45. Defendant's reason for Plaintiff's poor evaluation, discipline, and termination are false and merely pretext for illegal retaliation.

46. Defendant's actions, as described above, are in violation of Title VII, as the Defendant has engaged in acts of retaliation because of Plaintiff's engagement in protected activities.

47. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination and retaliation, which has manifested in emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, TANYA WATKINS, by and through her attorneys, FORD & BRITTON, P.C., requests the following relief:

A. That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

B. That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial;

C. That the Court grant to Plaintiff her reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

D. That the Court grant such other and further relief as the Court may deem just or equitable.

Respectfully submitted,

s/ Meghan A. Gonnissen
Meghan A. Gonnissen
FORD & BRITTON, P.C.
Attorneys for Plaintiff
33 N Dearborn, Suite 300
Chicago, Illinois 60602
(312) 924-7517
mgonnissen@fordbritton.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        Respectfully submitted,

        s/ Meghan A. Gonnissen
        Meghan A. Gonnissen
        FORD & BRITTON, P.C.
        Attorneys for Plaintiff
        33 N Dearborn, Suite 300
        Chicago, Illinois 60602
        (312) 924-7517
        mgonnissen@fordbritton.com